# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Joseph Floyd,<br><br>  Plaintiff,<br><br>v.<br><br>Unknown MacKenzie, *et al.*,<br><br>  Defendants. | No. CV-20-02222-PHX-JJT (JFM)<br><br>**ORDER** |

At issue is the Report and Recommendation (Doc. 18, "R&R") issued in this matter by United States Magistrate Judge James F Metcalf, recommending that Defendant Faga once again be dismissed from Count 1 of Plaintiff's First Amended Complaint (Doc. 11, "FAC"), and that Claims 2 through 5 of the FAC again be dismissed for failure to adequately state a claim. Plaintiff filed a timely Objection to the R&R (Doc. 19, "Obj."), which the Court has thoroughly considered. Upon consideration of the Objection, the Court will overrule it.

Regarding the specific objections to dismissal of Claims 2 through 5, Plaintiff provides no legal support for his assertion that he has stated a cognizable claim, instead simply stating in conclusory fashion that "all dismissed defendants must be held accountable for their actions and inactions." Obj. at 3. This is inadequate reason to sustain an objection; it doesn't address that the allegations fail to adequately support the elements of the claims.

. . . .

Regarding his objection to dismissal of Defendant Faga in Claim 1, Plaintiff cites two cases—*Morton v. Ruiz*, 415 U.S. 199 (1974) and *Smith v. Stoner*, 594 F.Supp. 1091 (N.D. Ind. 1984) for the purported proposition that violation of a prison policy is *per se* deliberate indifference.

*Morton* is wholly inapposite. The case pertains to operation of the Bureau of Indian Affairs and whether enrolled tribal members living beyond the boundaries of a recognized tribal community are entitled to federal government benefits under Department of Interior or other federal programs. 415 U.S. 235. More importantly, *Morton* does not read as Plaintiff quoted it.

Plaintiff explicitly represented to this Court that the United States Supreme Court held as follows:

> "Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. *This principle of law has been held to apply to prison as well*."

Obj at 2 (emphasis added)(quotation marks in original). The actual text of *Morton* reads:

> Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required.

*Morton*, 415 U.S. 235. The Supreme Court said nothing about prisons or applicability of its ruling to them. Plaintiff fabricated the last sentence of his quote and then offered it to the Court, for the Court to rely upon.

Immediately thereafter, Plaintiff quoted the United States District Court for the Northern District of Indiana as holding, in *Smith*, that "[p]rison rules and policies are equivalent to state civil law once made." (Obj. at 2.) No such quote appears in the cited order. It is wholly made up.

Plaintiff has committed a serious transgression not once but twice. Were Plaintiff an attorney, the Court would refer him to the appropriate bar associations for disciplinary

consideration. Because Plaintiff is not an attorney, the Court will admonish and warn Plaintiff that falsification of information to the Court, whether as to fact or in law, will be subject to sanction in the future, including dismissal of his remaining claim, for failure to comply with this Order and Fed. R. Civ. P 11(b) at the least.

As the above cases do not even say what Plaintiff claimed they did, they do not support Plaintiff's arguments in objection. The Court will overrule the Objection and adopt the R&R.

**IT IS ORDERED** overruling Plaintiff's Objection to the R&R (Doc. 19), and adopting the R&R (Doc. 18) in whole, including its reasoning.

**IT IS FURTHER ORDERED** dismissing Claim 1 of the FAC as against Defendant Faga and dismissing Claims 2 through 5 of the FAC in their entirety. Claim 1 as against Defendant MacKenzie remains and Defendant MacKenzie has filed an Answer thereto (Doc. 21). The matter shall proceed accordingly.

Dated this 2nd day of June, 2021.

Honorable John J. Tuchi
United States District Judge